## Asher v. Boatright.

April 30, 1943.

Cleon K. Calvert for appellant.

W. L. Hammond for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—
Reversing.

On January 5, 1942, the appellee, R. T. Boatright, by an order of the Bell fiscal court, was employed as "supervisor of bridges and to take acknowledgment of deeds, and to furnish tools for construction of bridges" for one year at a salary of $50 per month and on January 6, 1943, the employment was renewed for a period of six months. A warrant for $50 for the January, 1943 salary was issued to appellee but the appellant, treasurer of Bell county, declined to pay it. This action was filed by appellee to compel payment of the warrant and future warrants to be issued for a like purpose. The chancellor granted the injunction and this appeal follows.

It is appellant's contention that the fiscal court in making the appointment created an office which it had no power to create while appellee insists that since the fiscal court is authorized by law to "erect, keep in repair, and superintend bridges and other structures," it had power to employ the appellee for this purpose at a stated salary and his employment was not the creation of an office.

The fiscal court has only such powers as are conferred on it by statute. While KRS 67.080 empowers the fiscal court to erect, keep in repair and superintend bridges, this section must be considered in connection with other statutory provisions dealing with the same subject matter.

KRS 179.020 provides that the county judge may, with the consent of the fiscal court, appoint a county road engineer possessing certain qualifications. KRS 179.070 prescribes the duties of the engineer and among these duties is that of supervising the construction and maintenance of bridges. Paragraph (5) of section 179.020 provides that if the fiscal court does not provide for the appointment of an engineer his duties, except as otherwise provided by law, shall be performed by the county surveyor or some other person designated by the county court and the compensation for such services is fixed at $1.50 per day.

By virtue of the statutes referred to, the county road engineer, if there be one, is required to perform the duties which the fiscal court employed the appellee to perform. Obviously, no officer or agent may be employed to perform duties imposed by law on some other officer or agent. If no county road engineer has been appointed, the duty of supervising the construction and maintenance of bridges, a duty of the engineer if there be one, must be performed by some person appointed by the county court.

A consideration of these statutes makes it apparent that the fiscal court had no authority to employ appellee to perform the duties of supervisor of bridges since such duties are required to be performed by the county road engineer, or by an appointee of the county court if there be no engineer.

The judgment is reversed with directions to enter a judgment in conformity with this opinion.