CASEY COUNTY FISCAL COURT, David J. Johnson, County Judge–Executive, Jeffrey J. Thomas, Charles Derringer, Carlos Elliott, William Thompson, Magistrates, Casey County Fiscal Court and Kentucky Association of Counties, Appellants,

v.

Gary BURKE, Benny Sheene and "Too Many Taxpayers To Name", Appellees.

No. 87–SC–420–TG.

Supreme Court of Kentucky.

Jan. 21, 1988.

Thomas M. Weddle, Jr., Casey County Attorney, Liberty, John S. Palmore, Jackson, Kelly, Williams & Palmore, Lexington, for appellants.

Raymond Overstreet, Liberty, for appellees.

Prentice A. Harvey, David L. Armstrong, Atty. Gen., Nathan Goldman, Asst. Atty. Gen., Frankfort, amicus curiae.

WINTERSHEIMER, Justice.

This appeal is from a judgment of the circuit court which declared that a county of less than 30,000 population does not

have the legal authority to levy occupational license taxes.

In April of 1987, the Fiscal Court of Casey County enacted an ordinance imposing license fees on all trades, professions and occupations conducted within the county. Certain taxpayers sought a declaratory judgment and the circuit court voided the county ordinance. This appeal followed.

Section 181 of the Kentucky Constitution provides that the General Assembly may delegate to counties the power to impose and collect license, franchise and occupational taxes. In 1966, KRS 68.197 gave the power to levy occupational license taxes to counties with populations of 30,000 or more. In 1972, KRS 67.083 attempted to convey to all counties broad authority to exercise all powers not otherwise prohibited by the constitution. *Fiscal Court of Jefferson County v. Louisville*, Ky., 559 S.W.2d 478 (1977) struck down the delegation of home rule to counties with the singular exception that the law delegated to counties the power to impose and collect, license, franchise and occupational taxes. In that case, it was noted that at the time the legislature passed the statute it had to know that Section 181 of the Constitution effectively passed such powers to the counties. Although this Court held that the Home Rule Act was too broad in all other respects, it specifically upheld the delegation of power to impose license, franchise and occupational taxes.

After this judicial determination that the Home Rule Act had delegated to all counties the power to levy all taxes not in conflict with the constitution, the legislature amended the statute but retained the same language with respect to taxes. The purpose of KRS 67.083 is to provide counties with the necessary latitude and flexibility to finance various governmental services specified in subsection 3 while retaining the authority of the General Assembly to limit by statute local governmental activities. The legislature has enacted no such limiting statute. Any limitation cannot be implied and must be an express restriction. KRS 67.083(8) states that the powers granted to counties by this section shall be in addition to all other powers granted by other provisions of law. The permissive procedure authorized by this statute shall not be exclusive or prohibitive of the exercise of other existing laws.

KRS 68.197 originally adopted in 1966 permitted counties of 30,000 or more, after approval by the voters, to enact the occupational license tax. This statute does not control counties of population of less than 30,000 because it never mentioned and did not apply to such counties. The surviving portion of KRS 67.083 expressly relates to a delegation of taxation authority to "any county" without exception.

Reliance by the appellees and the circuit court on various instances in which the General Assembly has delegated the power to levy occupational license fees specifically to a variety of other municipal entities is misplaced. The existence of other statutes, whether enacted before or after 1972, conferring the same authority on a specific class of governmental entities does not detract from the holding of *Fiscal Court of Jefferson County, supra.* Historical examination of the legislative grants of authority indicates a gradual extension of the occupational license power to all governments, leaving only the specific exception of Sixth Class cities in KRS 92.281(5). Originally the legislature gave power to all cities, then to Jefferson County, then to counties having populations of 50,000 or more and then to all counties without exception.

Clearly, all counties including Casey County and those of less than 30,000 population, have the authority to levy occupational taxes pursuant to KRS 67.083. The fact that limitations are placed on other counties does not apply to Casey County or those similarly situated. The legislature may limit the authority of counties and determine such exceptions as it considers appropriate. It has done so with regard to counties of 30,000 or more in KRS 68.197, but has not done so with counties of less than 30,000.

The contention that by amending KRS 68.197 in 1986 so as to eliminate the requirement of a public vote, the General

Assembly thereby readopted the statute and indicated an intention to withhold the power to levy occupational license taxes from counties of less than 30,000, is unconvincing. The readoption of sections of an amended law are generally to be construed with reference to the amended sections. The legislature, in reenacting a statute, may be presumed to have used language in the same sense in which it was used in the original statute. The reenactment of a statute in substantially the same words does not mean there has been a change in the law but merely that the original law remains in force except for that part amended.

KRS 68.197 does not apply to counties of less than 30,000. It relates only to counties of 30,000 or more. Any amendments to that statute have no effect on the authority granted to other counties pursuant to KRS 67.083. If the legislature intended to withhold authority from other counties, it would have been necessary to amend KRS 67.083 and not just KRS 68.197.

KRS 67.083 does not limit occupational license fees to purposes other than general revenues. The Casey County ordinance directs that the revenues from the license fees shall be distributed 3 percent to three volunteer fire departments and 97 percent to general governmental operations. The general fund is a mechanism through which general revenues are appropriated to specific governmental uses authorized by law. The term "general governmental operations," as used in the ordinance, can be construed as embracing only those governmental functions enumerated in KRS 67.-083(3). Clearly, it could not be thought of as including purposes that are not authorized by law.

In regard to the occupational license tax, the constitution authorizes the General Assembly to delegate the power to tax to all counties. KRS 67.083 allows any county to impose the tax. The Court has permitted the General Assembly to delegate such authority. Therefore the decision to impose an occupational license tax clearly remains with the individual local fiscal court.

The judgment of the circuit court is reversed.

All concur.