C & H ENTERTAINMENT, INC., d/b/a Babe's; Danny's, Inc., d/b/a Thorobred II and Thorobred IV; Gold Coast, Inc., d/b/a Thorobred III; J–V–G, Inc., d/b/a Dreamcatchers; Shanna Tuttle, Plaintiffs–Appellees,

v.

JEFFERSON COUNTY FISCAL COURT, Defendant–Appellant.

No. 98–5053.

United States Court of Appeals, Sixth Circuit.

Submitted Dec. 18, 1998.

Decided March 5, 1999.

Walker C. Cunningham (briefed), Schwager, Phillips & Cunningham, Louisville, Kentucky, I.G. Spencer, Jr. (briefed), Office of the Jefferson County Attorney, Louisville, Kentucky, for Defendant–Appellant.

C. Michael Hatzell (briefed), Hatzell & Groves, Louisville, Kentucky, for Plaintiffs–Appellees.

Before: MERRITT, NORRIS, and GILMAN, Circuit Judges.

GILMAN, Circuit Judge.

The Jefferson County Fiscal Court appeals the district court's judgment invalidating its enactment of "An Ordinance Relating to the Licensing and Regulation of Adult Entertainment Establishments." Finding that the Kentucky statute granting regulatory authority to the fiscal courts did not specifically mention the regulation of adult entertainment establishments, the district court held that fiscal courts lack the power to do so. For the reasons set forth below, we **REVERSE** the district court's decision.

## I. BACKGROUND

In Kentucky, "fiscal courts" are local legislative bodies that govern counties. *See* Ky. Rev.Stat. Ann. § 65.410(1). Jefferson County Fiscal Court Ordinance Number 24, Series 1987, regulates and licenses "adult entertainment establishments and their employees" in Jefferson County, Kentucky. The Ordinance includes, among other things, requirements that establishments providing live or recorded nude entertainment obtain licenses from the county and comply with various restrictions on signage, construction, and security. The licensing portion of the Ordinance requires that extensive information about licensees and their employees be included in the

licensing application. Knowing violations of the Ordinance, including providing false information on a license application, are misdemeanors punishable by a fine of not less than $250 nor more than $500, or imprisonment of not more than fifty days per offense.

C & H Entertainment and several other businesses offering various types of adult entertainment (collectively "C & H") filed a complaint for declaratory and injunctive relief in the Circuit Court of Jefferson County, Kentucky, alleging that the Ordinance is unconstitutionally vague, lacks an exception for nude performances with artistic or literary value, and chills expression. C & H also alleged that the Jefferson County Fiscal Court lacked the authority to enact legislation regulating adult entertainment.

The Fiscal Court removed the action to the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. § 1343. C & H then filed a motion for summary judgment on the ground that the Fiscal Court lacked the authority to regulate adult entertainment establishments. The Fiscal Court filed a motion for partial summary judgment based on the opposite premise.

On June 30, 1997, the district court granted the Fiscal Court's motion for partial summary judgment, holding that the Fiscal Court had the authority under Kentucky law to enact the Ordinance. Based upon a motion to reconsider filed by C & H, however, the district court vacated its June 30 decision and order. In its revised opinion dated August 29, 1997, the district court reversed its position and held that the Fiscal Court lacks the authority to enact the Ordinance. It thus granted summary judgment for C & H. The Fiscal Court then moved the district court to amend or vacate its judgment, which motion the district court denied. This appeal followed.

Following the final decision of the district court, the Kentucky General Assembly enacted House Bill 432, titled "Fiscal Courts—Adult Entertainment--Regulation." *See* 1998 Ky. Laws Ch. 210 (H.B. 432) (enacted on March 30, 1998). The Act states that the General Assembly had intended, in enacting the statute that enumerates the powers of the fiscal courts (the "Home Rule Act"), to grant fiscal courts the power to regulate adult entertainment establishments. *See id.* Additionally, it explicitly provides that fiscal courts now have such power. *See id.* at § 1(3)(z).

## II. ANALYSIS

### A. Standard of review

■ The district court's determination that the Fiscal Court lacked the authority to enact the Ordinance is a conclusion of law. This court reviews a district court's conclusions of law *de novo. See Women's Medical Professional Corp. v. Voinovich,* 130 F.3d 187, 192 (6th Cir.1997).

### B. Application of Kentucky law

■ Because this is an issue of Kentucky law, we must apply the controlling precedent of the highest court of that state. *See United States v. Anderson Co.,* 761 F.2d 1169, 1173 (6th Cir.1985). Unfortunately, the Kentucky Supreme Court has never decided whether Kentucky's Home Rule Act provides the fiscal courts with the power to regulate adult entertainment establishments. We must therefore decide as we believe the Kentucky Supreme Court would rule if faced with this issue. *See Bailey v. V & O Press Co., Inc.,* 770 F.2d 601, 604 (6th Cir.1985).

### C. KRS §§ 67.080 and 67.083

■ Under Kentucky law, the fiscal court of a county possesses only such powers as are conferred upon it by statute. *See Asher v. Boatright,* 294 Ky. 120, 171 S.W.2d 27 (1943). The General Assembly has defined the powers of the fiscal courts by means of two statutes: KRS § 67.080, titled "Powers of Fiscal Court," and KRS § 67.083, titled "Additional Powers of Fiscal Courts." These statutes are commonly known as the Home Rule Act. KRS § 67.083(3) provides, in relevant part, that fiscal courts may enact ordinances in performance of the following public functions:

(a) Control of animals, and abatement of public nuisances;

(b) Regulation of public gatherings; ...

. . .

(k) Planning, zoning and subdivision control according to the provisions of KRS Chapter 100; ...

. . .

(m) Regulation of commerce for the protection and convenience of the public; . . .

(n) Regulation of the sale of alcoholic beverages according to the provisions of KRS Chapters 241 to 244; . . .

. . .

(x) Promotion of economic development of the county. . .

■ In its initial decision, the district court found that the powers set forth in KRS § 67.083 encompassed the power to regulate adult entertainment establishments. This would appear to be correct. Adult entertainment establishments are commercial businesses. The stated purpose of the Ordinance is to prevent blight and deterioration, curtail noise, protect the public health, and protect neighborhood property values. Furthermore, the Ordinance functions in part as a zoning ordinance by defining the permissible locations and appearances of adult entertainment establishments within Jefferson County, and in particular separating them from residences.

KRS § 67.083 addresses "commerce" broadly, without enumerating specific types of businesses for regulation by the fiscal courts, or withholding power to regulate other types of businesses. Because the statute does not single out specific types of businesses by name, but grants the fiscal courts the general power to regulate commerce for the protection of the public, there is no reason to believe that adult entertainment establishments are not within the purview of the fiscal courts' power.

The Kentucky Supreme Court's decision in *Casey County Fiscal Court v. Burke*, 743 S.W.2d 26 (1988), supports this analysis. In *Burke*, the court held that a fiscal court has the power to levy occupational license taxes. The court noted that

[t]he purpose of KRS 67.083 is to provide counties with the necessary latitude and flexibility to finance various governmental services specified in subsection 3 while retaining the authority of the General Assembly to limit by statute local governmental activities. The legislature has enacted no such limiting statute. Any limitation cannot be implied and must be an express restriction.

*Id.* at 27. If this court interprets KRS § 67.083(3) with "latitude and flexibility," then the Fiscal Court has the authority to regulate all commercial enterprises that it finds particularly likely to cause a nuisance or to adversely affect property values, such as adult entertainment establishments.

**D. *Fiscal Court of Jefferson County v. City of Louisville* does not prohibit the Fiscal Court from regulating adult entertainment establishments**

■ C & H argued, and the district court agreed in its August 29, 1997 revised opinion, that *Fiscal Court of Jefferson County v. City of Louisville*, 559 S.W.2d 478 (Ky.1977), prevents a fiscal court from regulating adult entertainment establishments unless explicitly authorized to do so by statute. In *City of Louisville*, the Kentucky Supreme Court held that an earlier version of KRS § 67.083 was an overly broad delegation of power from the General Assembly to the fiscal courts. *See id.* at 481. The earlier version of the statute broadly stated that the fiscal courts could exercise all powers within the General Assembly's power to delegate, with no specificity at all. *See id.* at 479. The Kentucky Supreme Court looked to the traditional roles of counties and municipalities in Kentucky, and found that counties had customarily exercised more limited powers than had municipalities. *See id.* at 480–81. It thus reasoned that if the General Assembly wished to confer power upon counties, "it must do so with the precision of a rifle shot and not with the casualness of a shotgun blast." *See id.* at 482. The court found that the very general version of KRS § 67.083 was not such a "rifle shot," but rather appeared to the court to be a "quitclaim deed" to the General Assembly's powers. *See id.*

The district court's revised opinion interprets *City of Louisville* to mean that if the General Assembly wants to grant fiscal courts the power to regulate adult entertainment establishments, it must use the words "adult entertainment establishment" in the Home Rule Act. We find that this interpretation is an erroneous reading of *City of Louisville* and contrary to the Kentucky Supreme Court's more recent decision in *Burke*. If we were to interpret *City of Louisville* to hold that all subjects of fiscal court regulation must be named specifically

in the statute, then the statute would have to become a laundry list of every type of business under the sun. Furthermore, the General Assembly would be forced to amend KRS § 67.083 every time a new type of business changes the aesthetic or commercial landscape of unincorporated areas in Kentucky. Each time a fiscal court attempted to regulate pursuant to KRS § 67.083, it would face challenges that the regulated entities are not labeled "with the precision of a rifle shot." This interpretation thus requires a level of micro-management by the General Assembly that the Home Rule Act was designed to obviate.

In our opinion, the *City of Louisville* case does not require such micro-management, but only that the General Assembly clearly articulate what types of powers it means to delegate. The current version of KRS § 67.083, enacted in response to *City of Louisville,* enumerates various police, planning, and regulatory powers that fiscal courts may undertake in order to govern effectively. Unlike the old version of KRS § 67.083, the current statute sets forth specific regulatory goals for fiscal courts, including planning, abatement of nuisances, and regulation to encourage economic development. We thus conclude that the concerns expressed in *City of Louisville* are not applicable under KRS § 67.083 as subsequently revised.

We further believe that the *Burke* decision is consistent with our views. Although *Burke* dealt with the taxing power contained in subsection 2 of KRS § 67.083 (rather than the broader subsection 3 powers in question here), the holding indicates that the Supreme Court of Kentucky does not have the same concerns with the amended KRS § 67.083 as it did with the old statute. Because KRS § 67.083(3) now delegates power to the fiscal courts in a manner found to comport with Kentucky's Constitution, we believe that the "rifle shot" precision mentioned in *City of Louisville* does not require the General Assembly to name each type of business subject to regulation by the fiscal courts.

### E. The General Assembly's recent enactment demonstrates that the district court misconstrued *City of Louisville*

The General Assembly amended KRS § 67.083(3) in 1998 to include the following:

"(z) Regulation of establishments or commercial enterprises offering adult entertainment and adult entertainment activities." 1998 Ky. Laws Ch. 210 (H.B. 432). The bill, titled "AN ACT relating to powers of fiscal courts and declaring an emergency," states:

> Whereas recent judicial decisions have misinterpreted the General Assembly's grant of home rule authority, which already permits counties to regulate establishments or commercial enterprises offering adult entertainment and adult entertainment activities, an emergency is declared to exist.

*See id.* at § 2.

■ Although we are not bound by the legislative statement of the General Assembly, it gives us considerable guidance as to the legislative intent behind the Home Rule Act as it existed when the Jefferson County Fiscal Court enacted the Ordinance in question. In addition, the new subsection (z) makes crystal clear that fiscal court regulation of adult entertainment establishments is permissible.

### F. The existence of legislation specifically regulating adult entertainment in cities is not determinative in this case

The district court's revised opinion notes that KRS § 82.088 grants cities the authority to regulate the locations of adult entertainment establishments. It reasoned that this provision demonstrates that the General Assembly recognizes adult entertainment as a separate category not contained within the general language of KRS § 67.083. The district court further concluded that the General Assembly "knows how to expressly delegate the authority to regulate adult entertainment."

Although KRS § 82.088 makes clear that the General Assembly does know how to delegate with specific reference to adult entertainment establishments, it does not necessarily follow that a statute that fails to explicitly mention "adult entertainment establishments" does not regulate such business. KRS § 82.088, which provides that

cities may disperse adult entertainment establishments throughout the city or concentrate them in one area, provides cities with an added regulatory device for dealing with the perceived problems associated with such establishments. This demonstrates that the General Assembly was sufficiently concerned with the effects of adult establishments on crime, trade, property values, the quality of neighborhoods, and the quality of urban life, *see* KRS § 82.088(1), that it specifically provided a zoning strategy to deal with them. In other words, adult entertainment establishments in cities are the subject of *heightened* levels of zoning restrictions.

The district court's decision, on the other hand, prevents fiscal courts from exercising *any* specific regulatory power over adult entertainment establishments in the absence of particularized language in the Home Rule Act. Given that the General Assembly has expressed particular concern about adult entertainment establishments within cities, we do not conclude that it meant to exempt them from any specific regulation in unincorporated areas.

### III. CONCLUSION

For all of the reasons stated above, we **REVERSE** the final judgment of the district court.