RENDERED: SEPTEMBER 11, 2020; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001247-MR

CITY OF STANFORD, KENTUCKY, ACTING
THROUGH THE STANFORD WATER AND
SEWER COMMISSION; CITY OF HUSTONVILLE,
KENTUCKY; AND CITY OF CRAB ORCHARD,
KENTUCKY                                                          APPELLANTS


                    APPEAL FROM LINCOLN CIRCUIT COURT
v.              HONORABLE JEFFREY T. BURDETTE, JUDGE
                         ACTION NO. 18-CI-00062


LINCOLN COUNTY, KENTUCKY; JAMES
WOODS ADAMS, JR., IN HIS OFFICIAL
CAPACITY AS JUDGE/EXECUTIVE AND
MEMBER OF THE FISCAL COURT OF
LINCOLN COUNTY, KENTUCKY; AND LONNIE
PRUITT, DAVID FAULKNER, JOHNNIE
PADGETT, AND JOSEPH STANLEY, IN
THEIR OFFICIAL CAPACITIES AS ELECTED
MAGISTRATES AND MEMBERS OF THE FISCAL
COURT OF LINCOLN COUNTY, KENTUCKY                    APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  The Appellants, City of Stanford, City of Hustonville, and City of Crab Orchard, appeal from an order of the Lincoln Circuit Court which upheld an ordinance enacted by the Lincoln County Fiscal Court.  We find no error and affirm.

**FACTS AND PROCEDURAL HISTORY**

In 2017, the Lincoln County Fiscal Court adopted an ordinance which imposed a $4.00 fee on all active water service within the county in order to help fund its emergency 911 services.  The ordinance required any entity operating a water distribution system within Lincoln County to collect the fee from water customers and remit it to Lincoln County.  The ordinance allowed the water providers to withhold 3% of the fee to reimburse themselves for the administrative costs associated with the compliance of the ordinance.  Appellants are all cities within Lincoln County, and they each operate a municipal waterworks system.  The ordinance would require these cities to collect the fee from their customers and remit it to Lincoln County.

On March 2, 2018, Appellants filed the underlying action alleging the ordinance is unlawful and sought an order enjoining the enforcement of the ordinance.  On October 12, 2018, Appellants filed a motion for summary judgment.  On November 19, 2018, Appellees filed a motion for summary judgment.  A hearing on the motions was held on March 22, 2019.  On May 30,

2019, the trial court entered an order granting Appellees' motion for summary judgment and held that the ordinance was valid. Appellants soon thereafter filed a motion to alter, amend, or vacate, but that motion was denied. This appeal followed.[1]

## ANALYSIS

Appellants argue on appeal that the trial court erred by holding that the ordinance did not infringe upon the cities' exclusive authority to set water prices and that Lincoln County did not exceed its statutory authority in enacting the ordinance.

> The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

---

[1] We would like to commend the trial court's thorough findings of fact and analysis in the order granting summary judgment.

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted). This case ultimately revolves around the interpretation of a county ordinance; therefore, it is reviewed *de novo*. *Commonwealth v. Jameson*, 215 S.W.3d 9, 15 (Ky. 2006).

Kentucky Revised Statute (KRS) 65.760 authorizes Lincoln County to operate a 911 emergency services system. KRS 65.760(3)(a) states in pertinent part that "[t]he funds required by a local government to establish and operate 911 emergency service . . . may be obtained through the levy of any special tax, license, or fee not in conflict with the Constitution and statutes of this state." The statute then goes on to describe when a telephone company must collect the 911 tax or fee on behalf of the government entity operating the 911 service. KRS 65.760(7) states that "[n]othing in this section shall preclude other means of establishing or funding a 911 emergency service within any local area or exchange, nor require the operation of such service by any local government."

There has been very little case law dealing with KRS 65.760. Two recent cases, *Greater Cincinnati/Northern Kentucky Apartment Association, Inc. v. Campbell County Fiscal Court*, 479 S.W.3d 603 (Ky. 2015), and *City of Lancaster v. Garrard County*, No. 2013-CA-000716-MR, 2017 WL 3446983 (Ky. App. Aug. 11, 2017), have upheld ordinances that allow for the collection of 911 fees through other means than telephone companies. In *Greater Cincinnati*, the Campbell County Fiscal Court enacted an ordinance which required an annual $45.00 fee

levied on all occupied residential and commercial buildings in the county. In *City of Lancaster*, the Garrard County Fiscal Court enacted a similar ordinance to the one at hand which implemented a $0.25 fee on every water meter and required that every entity operating a water distribution system in the county collect the fee on behalf of the county.[2] In this case, Appellants do not argue that Appellees cannot collect a 911 fee from sources other than telephone companies; they argue that the ordinance violates certain statutes and that the fiscal court cannot force the water companies to collect the fees on its behalf.

Appellants argue that the ordinance violates KRS 96.170, which states:

> The legislative body of any city may, by ordinance, provide the city and its inhabitants with water, light, power, and heat, by contract or by works of its own, located either within or beyond the boundaries of the city, make regulations for the management thereof, and fix and regulate the prices to private consumers and customers.

Appellants claim that this statute gives them exclusive authority to regulate the price of water and that the ordinance impermissibly increases the price of water.

The trial court held that the ordinance did not regulate or fix the price of water services because the fee was not in exchange for water provided to

---

[2] While *City of Lancaster* has a similar ordinance to the one at hand, the arguments raised by Appellants in this case were not raised by the parties in *City of Lancaster*.

customers and did not support the infrastructure or administration of the water services. The court went on to state that the fee was for the purposes of funding the 911 services only and that appending the fee to a water bill is merely a convenient way of collecting said fee. Alternatively, the court held that KRS 96.170 does not give Appellants exclusive jurisdiction over water prices. Citing *Haney v. City of Somerset*, 530 S.W.2d 377 (Ky. 1975), the court believed the statute was merely a basic grant of authority, and so long as the ordinance is supported by law, Lincoln County can add a fee to the water price.

We believe the trial court's alternative holding, that KRS 96.170 does not give exclusive pricing authority to Appellants, to be the determinative ruling in this case.[3] As pointed out by the trial court, the case of *Haney*, *supra*, states that KRS 96.170 is a general grant of authority allowing a city to operate a utility service. "We must interpret statutes as written, without adding any language to the statute[.]" *Commonwealth v. Chestnut*, 250 S.W.3d 655, 661 (Ky. 2008) (citation omitted). The statute does not explicitly grant Appellants exclusive authority. Nothing in the statute would prohibit another governmental entity from adding a tax or fee to the price of water so long as it was authorized by statute.

---

[3] There was no evidence in the record regarding what would happen if a water customer paid his or her water bill, but did not pay the additional 911 fee. If that customer's water service was subject to termination, it could be interpreted as the 911 fee being a part of the price of water and not an additional, unrelated fee. Without this information, we are unable to fully analyze the trial court's holding that the 911 fee did not add to the price of water.

-6-

That brings us to the next issue on appeal: does the Lincoln County Fiscal Court have the authority to insert this fee into the water bills of Appellants' customers and to require Appellants to collect the fee? The trial court held that KRS 65.760 and KRS 67.083 allow for the collection of the fee. As discussed above, KRS 65.760 allows the county to establish and fund the 911 services. KRS 67.083 states in relevant part:

> (1) It is the purpose of this section to provide counties as units of general purpose local government with the necessary latitude and flexibility to provide and finance various governmental services within those functional areas specified in subsection (3) of this section, while the General Assembly retains full authority to prescribe and limit by statute local governmental activities when it deems such action necessary.
>
> . . . .
>
> (3) The fiscal court shall have the power to carry out governmental functions necessary for the operation of the county. Except as otherwise provided by statute or the Kentucky Constitution, the fiscal court of any county may enact ordinances, issue regulations, levy taxes, issue bonds, appropriate funds, and employ personnel in performance of the following public functions:
>
> . . .
>
> > (d) Provision of hospitals, ambulance service, programs for the health and welfare of the aging and juveniles, and other public health facilities and services;
>
> > . . .

(u) Provision of police and fire protection[.]

The trial court concluded that KRS 65.760 allowed for the fee. The court went on further to hold that KRS 67.083 authorized the fiscal court to enact the ordinance at issue because 911 services involve hospitals, ambulance service, police departments, and fire departments. The court also held that these statutes not only allow the fiscal court to authorize the fees, but require the water companies to collect the fees.

Appellants argue that the court erred in its interpretation of KRS 65.760 and KRS 67.083. Appellants claim that these statutes do not specifically allow for the fiscal court to compel water companies to collect the fee. Appellees argue that KRS 65.760 and KRS 67.083 allow for the fee and for its collection.

We agree with the trial court's interpretation. KRS 65.760 allows Lincoln County to collect fees to fund 911 services. KRS 65.760 specifically states that the fee can be collected from telephone companies, KRS 65.760(3), but it also states that the fees can come from sources other than telephone companies. KRS 65.760(7). KRS 67.083 allows Lincoln County to create the ordinance at issue to facilitate said funding.

> The purpose of KRS 67.083 is to provide counties with the necessary latitude and flexibility to finance various governmental services specified in subsection 3 while retaining the authority of the General Assembly to limit by statute local governmental activities. . . . Any

> limitation cannot be implied and must be an express restriction.

*Casey County Fiscal Court v. Burke*, 743 S.W.2d 26, 27 (Ky. 1988). While Appellants may believe KRS 96.170, the statute that allows Appellants to provide utility services, limits Appellees' authority to collect a fee from water customers, as we have previously stated, it does not.

## **CONCLUSION**

Based on the foregoing, we conclude that the Lincoln County Fiscal Court's ordinance is valid, and we affirm the judgment of the Lincoln Circuit Court.

ALL CONCUR.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEES: |
|---|---|
| Stephen A. Sherman<br>Louisville, Kentucky | D. Barry Stilz<br>Robert C. "Coley" Stilz, III<br>Lynn Sowards Zellen<br>Lexington, Kentucky |
| Damon R. Talley<br>Hodgenville, Kentucky | |
| Jonathan R. Baker<br>Stanford, Kentucky | |
| ORAL ARGUMENT FOR<br>APPELLANTS: | ORAL ARGUMENT FOR<br>APPELLEES: |
| Stephen A. Sherman<br>Louisville, Kentucky | D. Barry Stilz<br>Lexington, Kentucky |