In re James D. REIMER, Debtor.

Gina A. SIELSCHOTT, Plaintiff,

v.

James D. REIMER, Defendant.

Bankruptcy No. 94–44865–172.
Adv. No. 94–4467–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

May 31, 1995.

John V. LaBarge, Jr., Chapter 7 Trustee, St. Louis, MO.

Douglas S. Dove, Dove & Dove, Shelbyville, IL, for plaintiff.

Ted C. House, Heggs, Pryor & House, St. Charles, MO, for debtor/defendant.

### MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The trial of this Adversary Proceeding was conducted on May 22, 1995. Although the Complaint requests relief in three counts, the Parties agreed prior to trial that certain child support and medical and day care expenses are not dischargeable and that the sole issue to be determined here is that portion of Count I that seeks a determination of non-dischargeability of an award of attorney's fees in connection with a proceeding to enforce the terms of a decree of dissolution.

■ The Chapter 7 Petition was filed in this case prior to the effective date of the Bankruptcy Reform Act of 1994. Therefore, the 1994 amendments to 11 U.S.C. § 523 are not applicable to this consideration.

The facts necessary for this determination are essentially undisputed. On August 4, 1993, the District Court for Tulsa County, Oklahoma entered a Decree of Divorce and dissolved the marriage of Gina A. Reimer ("Plaintiff") and James D. Reimer ("Debtor"). **Plaintiff's Exhibit A.** In the Decree of Divorce, the Debtor was ordered to pay temporary child support, current child support and certain medical and other expenses related to the couple's minor children. The Debtor failed or refused to pay these awards as ordered.

On July 26, 1994, after a hearing on the Plaintiff's motion to modify the Decree of Divorce and for contempt, the Circuit Court for the Fourth Judicial Circuit of Illinois at Shelby County, Illinois entered a judgment that ordered the Debtor to pay certain amounts to the Plaintiff representing the balance of the judgment for temporary support, child support arrearage, child care expenses, and partial attorney's fees of $1,500.00. The Debtor has acknowledged that the child support amounts are not dischargeable in this case pursuant to 11 U.S.C. § 523(a)(5). On September 21, 1994, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code.

The Plaintiff has argued that the award of attorney's fees in the amount of $1,500.00 is not dischargeable as having been a debt for willful and malicious injury to another entity or to the property of another entity pursuant to Section 523(a)(6) of Title 11 of the United States Code. The award of attorney's fees was made directly to the Mother (Plaintiff) from the Father (Debtor).

■ In order to find an award of attorney's fees nondischargeable under section 523(a)(6), the Court must find that the award is ancillary to a judgment where the conduct of the Debtor was willful and malicious under federal bankruptcy law. Section 523(a)(6) provides that a "discharge under section 727 ... does not discharge an individual debtor from any debt ... for willful and malicious injury by the debtor to another entity." 11 U.S.C. § 523(a)(6).

The Eighth Circuit stated that it is clear from the language of this section that "Congress did not intend to forgive debts incurred as a result of a debtor's willful and malicious injury notwithstanding Congress' general policy of allowing a debtor a 'fresh start' in bankruptcy." *In re Miera,* 926 F.2d 741, 745 (8th Cir.1991). Noting that section 523(a)(6) does not distinguish between debts which are

compensatory in nature and those which are punitive, the court found the language of section 523(a)(6) to be directed at the nature of the conduct which gives rise to the debt, rather than the nature of the debt. *Miera,* 926 F.2d at 745.

■ "Attorney fees are routinely included in the nondischargeable debt under section 523(a)(6) when they are included in a judgment for damages due to willful and malicious injury and are ancillary to that judgment." *Adams v. Zentz (In re Zentz),* 157 B.R. 145, 150 (Bankr.W.D.Mo.1993). *See Jennen v. Hunter (In re Hunter),* 771 F.2d 1126, 1131 (8th Cir.1985) Ancillary obligations such as attorney's fees may attach to the primary debt; consequently, their status depends on that of the primary debt.

■ The trial court in Illinois was not required to and did not base its judgment on a finding of willful and malicious conduct by the Debtor. Nevertheless, this Court can make such a finding if there are sufficient facts on the record. Whether the debtor's conduct was willful and malicious for the purposes of nondischargeability is a matter of federal bankruptcy law. *See In re Quinn,* 170 B.R. 1013 (Bankr.E.D.Mo.1994).

■ Willful and malicious are separate concepts that must be present for nondischargeability under section 523(a)(6). *In re Long,* 774 F.2d 875, 880 (8th Cir.1985). A willful act is defined as one that is deliberate or intentional. *Long,* 774 F.2d at 880. To be malicious under section 523(a)(6) an act must be wrongful with the specific intent to inflict harm on the complaining creditor without just cause or excuse. *See In re Littleton,* 942 F.2d 551, 605 (9th Cir.1991). To find subjective intent there must be a showing that the expected harm is targeted at the creditor and is certain or almost certain to occur. *Long,* 774 F.2d at 881.

■ In the case at bar, the Debtor willfully committed a wrongful act when he violated a court order by intentionally refusing to pay money awarded to the Plaintiff in the Decree of Divorce. The trial court found this act to be in contempt of court. The Debtor's refusal to pay targeted the intended harm at the Plaintiff–Creditor. Financial injury to the Plaintiff was certain to occur since the Debtor's failure to pay the required support caused the Plaintiff to assume full support of the children.

The Illinois court found that the Debtor had substantial assets and substantial income and yet refused to pay the amounts required by the court order. **Plaintiff's Exhibit D, # 2 & # 3.** The court found the Debtor's military reserve activities were in the nature of a hobby and that the Debtor was not entitled to expend large sums on this activity and not pay the required child support. **Plaintiff's Exhibit D, # 4.** Thus, the Debtor's refusal to pay was without just cause or excuse. This Court can find from the record that the Debtor's refusal to pay the required amounts awarded to the Plaintiff caused her financial harm and was willful and malicious under section 523(a)(6).

The Plaintiff was also found in contempt of court for her refusal to pay over to the Debtor the money (about $2,000.00) in their elder son's bank account that was awarded to the Debtor in the Decree of Divorce. The trial court noted that at the time of the Plaintiff's failure to pay the Defendant $2,000.00, the Defendant had failed to pay the Plaintiff $10,000.00 as required by the Divorce Decree. **Plaintiff's Exhibit D, # 5.** However, the Plaintiff failed to petition the court for a modification of the decree or the right to set off the funds in the account against the money owed to her by the Debtor and thus violated the court's order resulting in the contempt finding.

The Plaintiff's wrongful act does not rise to the level of willful and malicious conduct because there was no injury to the Debtor. The money in her possession was less than the amount owed to her by the Debtor. Thus, her refusal to turnover the funds in their son's account did not cause a financial loss to the Debtor.

In sanctioning the Plaintiff and Debtor, the trial court denied the Plaintiff interest on the amount owed to her by the Debtor prior to the entry of its judgment. **Plaintiff's Exhibits D; A.**

The sanctions imposed on the Debtor were that he was to pay all the money owed to the

Plaintiff and a portion of her attorney's fee. The money in the bank account in the Plaintiff's possession was to be first applied to the property settlement with the remaining amount to be credited against the temporary support awarded in the divorce decree. The Debtor was to pay the remainder of the judgment consisting of the balance of the temporary support judgment, the child support arrearage, the child care expenses, and partial attorney's fee award of $1,500.00 in monthly installments at an annual interest rate of 9%. **Plaintiff's Exhibits D; B., C., D., & E.** The award of attorney's fees was part of a lump sum judgment against the Debtor, not a separate, discrete award, and was thus ancillary to a judgment where the conduct of the Debtor produced a financial injury to the Plaintiff.

This Court finds the Debtor's act of intentionally refusing to pay to the Plaintiff the court ordered property settlement, temporary support, child support, child care expenses, and child medical expenses to be willful and malicious conduct under federal bankruptcy law as being targeted at the Plaintiff and certain to cause her financial harm.

The award of $1,500.00 in attorney's fees was a portion of the Illinois court's judgment and was ancillary to the judgment against the Debtor as a sanction for his conduct.

Therefore, the portion of the judgment representing the attorney's fees is nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

### ORDER

On consideration of the record as a whole, including the announcements and arguments presented by Counsel for the Parties,

**IT IS ORDERED** that this matter is concluded; and

### COUNT I

That as to Count I of the this Adversary Complaint, the request of Gina A. Sielschott ("Plaintiff") to order the Debtor to amend his Schedule F is denied as moot and as having been withdrawn by the Plaintiff; and that also as to Count I, judgment is entered in favor of the Plaintiff and against James D. Reimer ("Debtor") in that the non-bankruptcy judgment against the Debtor and in favor of the Plaintiff in the amount of $1,500.00 for attorney's fees is not dischargeable in this bankruptcy case as being based upon Debtor's willful and malicious conduct pursuant to 11 U.S.C. § 523(a)(6); and

### COUNT II

That as to Count II of this Complaint, the Debtor having agreed that certain day care expenses are not dischargeable in this case as being in the nature of child support, and the Debtor having agreed to the other requests therein, all of the Plaintiff's requests in Count II are denied as moot and as having been withdrawn by Plaintiff; and

### COUNT III

That as to Count III of this Adversary Complaint, Plaintiff's request to require the Debtor to amend Schedule F is denied as moot and as having been withdrawn by Plaintiff; and that the Debtor having stipulated and agreed to the non-dischargeability of certain child support, medical and day care expenses pursuant to 11 U.S.C. § 523(a)(5), Plaintiff's requests for such a judgment is denied as moot and as having been withdrawn by Plaintiff; and that the Plaintiff's request to determine the dischargeability of certain attorney's fees is denied as withdrawn as being a duplicate of the requests that have been determined in Count I; and that Plaintiff's request to strike all duplicate debts is denied as having been withdrawn by Plaintiff; and that the Plaintiff's request for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is denied as having been withdrawn by Plaintiff.