**In re Arney G. ROBINSON, Debtor.**

**Stewart Hinze, Plaintiff,**

v.

**Arney G. Robinson, Defendant.**

**Bankruptcy No. 99–3085.**

United States Bankruptcy Court,
N.D. Ohio.

Sept. 9, 1999.

Thomas G. Mackin, Toledo, OH, for plaintiff.

Lafe Tolliver, Toledo, OH, for defendant.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court upon the Plaintiff's Motion for Summary Judgment, Memorandum in Support, and Reply; and the Defendant's Motion in Opposition, and Memorandum in Support. This Court has now reviewed the arguments of Counsel, the exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment should be Denied; and that the matter should be scheduled for Trial.

### FACTS

In 1996, both the Plaintiff, Stewart Hinze (hereinafter Plaintiff), and the Debtor/Defendant, Arney Robinson, (hereinafter Debtor), were employed by "WTOL–TV," a local television station in the North–Western Ohio area. In April of 1996, the Plaintiff, who held a supervisory position over the Debtor, called a meeting

with the Debtor in order to discuss matters relating to the Debtor's work performance. However, for reasons which are not entirely clear to the Court, during this meeting an altercation took place between the Plaintiff and the Debtor which resulted in serious physical injury to the Plaintiff. Specifically, the evidence presented in this case shows that the Plaintiff, during the altercation, sustained the following injuries: (1) a broken jaw which necessitated surgery; (2) a broken rib; and (3) injuries to his kidneys. Thereafter, as a result of this altercation, the Debtor's employment with WTOL–TV was terminated, and criminal charges were brought against the Debtor, which eventually resulted in the Debtor entering a plea of "No Contest" to the offense of Aggravated Assault with Physical Harm Specification in violation of O.R.C. §§ 2903.12 and 2941.143.

On January 9, 1997, the Plaintiff and his wife, Janet Delikat–Hinze, filed a Complaint against the Debtor for negligent and intentional injury in the Court of Common Pleas of Lucas County, Ohio. On July 1, 1997, the Debtor, through his legal counsel, filed an Answer to the Plaintiff's Complaint, and a trial date on the matter was set for June 10, 1997. Thereafter, the record of this case shows that the Debtor received notice of the trial date; however, neither the Debtor nor the Debtor's legal counsel, who had previously withdrawn with the state court's permission, made an appearance at the trial. Therefore, at the trial, the Plaintiff made an oral motion for a default judgment on the issue of the Debtor's liability, which the state court granted. However, on the issue of the Plaintiff's damages, the state court conducted an evidentiary hearing at which time testamentary and documentary evidence was presented. At the conclusion of this Hearing, the Plaintiff asked the state court to award Seventy–Five Thousand dollars ($75,000.00) in compensatory damages and an additional Fifty Thousand dollar ($50,000.00) in punitive damages. The state court then considered the evidence presented, and after characterizing the Debtor's behavior as "unfortunate," granted the Plaintiff's request. On June 11, 1998, a Judgment Entry was entered reflecting the ruling of the state court. No appeal or motion to set aside the judgment, however, was ever initiated by the Debtor.

On March 24, 1999, the Debtor filed in this Court a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. In his bankruptcy petition, the Debtor listed the Plaintiff as a creditor holding a claim in the amount of One Hundred Twenty-five Thousand dollars ($125,000.00), of which Forty-five Thousand dollars ($45,000.00) was listed as an unsecured claim. Shortly thereafter, the Plaintiff brought an adversary action under § 523(a)(6) of the United States Bankruptcy Code to have this debt held nondischargeable on the basis that the actions giving rise to the Debt were both willful and malicious. On June 16, 1999, the Court held a Pre-trial on the matter at which time the Plaintiff sought leave from the Court to file a Motion for Summary Judgment. The Court granted the Plaintiff's request, and shortly thereafter the Plaintiff submitted his Motion for Summary Judgment to the Court for consideration. In his Motion for Summary Judgment, the sole issue raised by the Plaintiff concerns whether the state court judgment rendered against the Debtor for negligent and intentional injury precludes, under Ohio's collateral estoppel doctrine, this Court from making an independent determination as to whether the Debtor acted both willfully and maliciously for purposes of a nondischargeability action under § 523(a)(6).

### LAW

**11 U.S.C. § 523. Exceptions to Discharge**

A discharge under section 727, 1141, 1228[a], 1228(b), or 1328(b) of this section does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

## DISCUSSION

Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is a core proceeding. Thus, this matter is a core proceeding.[1]

The Plaintiff's Complaint to determine the dischargeability of the Debtor's Debt comes before the Court upon the Plaintiff's Summary Judgment Motion. The standard for a summary judgment motion is set forth in Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, and provides in pertinent part: A movant will prevail on a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all the elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). However, upon the plaintiff meeting this burden, the opposing may not merely rest upon their pleading, but must instead set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 586–588, 106 S.Ct.

1348, 1356, 89 L.Ed.2d 538 (1986); *see also In re Bell*, 181 B.R. 311 (Bankr.N.D.Ohio 1995).

In the Plaintiff's Motion for Summary Judgment, the Plaintiff contends that the Debtor is "Collaterally Estopped" by the state court default judgment from contesting the assertion that he holds a nondischargeable claim under § 523(a)(6).

Collateral Estoppel, which is also known as issue preclusion, prevents relitigation by the same parties or their privies of issues that were necessarily litigated and ruled upon in a prior action. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 649 n. 5, 58 L.Ed.2d 552 (1979); *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1357 (9th Cir. 1985). It is clear that collateral estoppel principles can be used in nondischargeability actions under 11 U.S.C. § 523(a) to prevent relitigation of issues already decided in a state court. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). However, when applying collateral estoppel principles from a state court judgment to a nondischargeability proceeding, the Supreme Court of the United States has held that the federal common law does not apply. *Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 374, 105 S.Ct. 1327, 1328, 84 L.Ed.2d 274 (1985); *In re Calvert*, 105 F.3d 315, 317 (1997). Instead, a bankruptcy court, pursuant to the full faith and credit principles of 28 U.S.C. § 1738, must give the same issue preclusion effect to a state court judgment as it would be given under that state's law.[2] *Id.* Therefore, in the present case, as all the events giving rise to the Plaintiff's claim arose in Ohio, the Court will look to the law of Ohio to determine

---

1. During the Pre-trial held on this matter, the Parties were not certain that the matters raised in the Plaintiff's Complaint constituted a core proceeding under 28 U.S.C. § 157. However, at the Pre-trial the Parties did consent to the jurisdiction of the Court.

2. There is some question as to whether an exception under 28 U.S.C. § 1738 may exist

for default judgments. However, in *Rally Hill Productions, Inc. v. Bursack (In re Bursack)*, 65 F.3d 51 (6th Cir.1995), the Sixth Circuit Court of Appeals held that when a defendant files an answer in the state court proceeding, as occurred in this case, state law collateral estoppel principles are applicable.

the proper application of the collateral estoppel doctrine.

■ Recently, *in Murray v. Wilcox (In re Wilcox)*, this Court held that under Ohio law collateral estoppel comprises the following four elements:

(1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue;

(2) the issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment;

(3) the issue in the present suit must have been identical to the issue involved in the prior suit; and

(4) the party against whom estoppel is sought was a party or in privity with a party to the prior action.

229 B.R. 411, 415–16 (Bankr.N.D.Ohio 1998) (internal quotations omitted). In addition, in *Murray v. Wilcox*, this Court held that the burden of proof is upon the party seeking to invoke collateral estoppel to prove that all the elements of the doctrine apply. *Id.* at 415 (internal quotations omitted). In the present case, the Debtor does not contest that elements three and four from above have been satisfied; consequently, this Court's analysis will be confined to addressing the first two elements of Ohio's collateral estoppel test.

■ The first element of Ohio's collateral estoppel test requires that there be a final judgment on the merits after a full and fair opportunity to litigate the case. In this case, the Debtor asserts that this element is not met because "testimony was not taken by the state court as to the issue of liability[.]" (Debtor's Motion for Summary Judgment at 5). However, in *Murray v. Wilcox*, this Court, relying upon the Ohio Supreme Court's decision in *Reeves v. Runyan (In re Guardianship of Kelley),*

172 Ohio St. 177, 183, 174 N.E.2d 244, 248 (Ohio 1961), held that a rebuttable presumption exists that a movant meets his or her burden under this element by simply presenting to the Court a valid judgment entry rendered by a court of competent jurisdiction.[3] 229 B.R. at 416 Accordingly, since the Plaintiff in this case has presented to this Court a facially valid judgment entry, and the Debtor has not attempted to contest the validity of this judgment, or assert that he did not have a full and fair opportunity to litigate the case, the Court finds that even when viewing things in a light most favorable to the Debtor, the Plaintiff has met his burden with respect to the first element of Ohio's collateral estoppel test.

The second prong of Ohio's collateral estoppel test requires that the issues involved in the present litigation must have been actually and directly litigated in the prior suit. In the instant case, the Debtor contests the Plaintiff's compliance with this requirement on the basis that the Debtor's liability was predicated upon a default judgment, and thus the Plaintiff's cause of action was not "actually litigated" for purposes of the collateral estoppel doctrine. The Plaintiff, however, challenges this assertion, arguing that regardless of the entry of a default judgment, the issue of the Debtor's liability was "actually litigated" during the evidentiary hearing conducted by the state court to establish damages. In support of this assertion, the Plaintiff points to the evidence presented at the state court evidentiary hearing, and the state court's finding that an award of punitive damages was warranted therefrom.

Taking these arguments together, the Court finds that the overall issue presented by the Parties can be framed as follows: Under Ohio law does the entry of a default

---

**3.** In *Reeves v. Runyan (In re Guardianship of Kelley),* the Ohio Supreme Court stated that "every reasonable presumption favors the validity of a judgment of a court of record, regular on its face and where the court had jurisdiction of the parties and the subject matter. . . . [i]t will be presumed that the judgment was properly rendered, and that the court acted rightfully in all respects, and proof to remove the presumption of the validity of such a judgment must be clear and convincing."

judgment automatically prohibit the application of the collateral estoppel doctrine, and if it does not, under what circumstances can a default judgment provide a sufficient basis for the application of the collateral estoppel doctrine?

The Ohio Supreme Court has not directly addressed the issue of whether a default judgment precludes the application of the collateral estoppel doctrine. In addition, the intermediate appellate courts in Ohio which have addressed this issue, have not been entirely consistent on the appropriate application of the collateral estoppel doctrine vis-a-vis a default judgment.[4] Accordingly, in the absence of a pronouncement on this issue by the Ohio Supreme Court, and without any clear guidance on the issue by Ohio's intermediate appellate courts, this Court must use its best judgment in anticipating how the Supreme Court of Ohio would rule if confronted with the issue. *C & H Entertainment, Inc. v. Jefferson County Fiscal Court*, 169 F.3d 1023, 1025 (6th Cir.1999) (holding that when applying state law, a federal court is bound to follow the highest court in the state); *In re Graham Square, Inc. v. Mutual Life Insurance Company of New York*, 126 F.3d 823, 827 (6th Cir.1997) (holding that where the relevant state law is unsettled, a federal court must deter-

mine how it thinks the highest state court would rule if faced with the same case).

■ Under Ohio law a default judgment obviates the plaintiff's burden to prove the elements of the claim alleged. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 122, 502 N.E.2d 599, 603 (Ohio 1986). Therefore, it is reasonable to assume that normally issues are not "actually litigated" for purposes of the collateral estoppel doctrine when a state court grants a motion for a default judgment. In addition, merely because some issues may actually be raised and thereafter adjudicated in connection with a default judgment, as occurred in this case, does not change the overall character of the judgment. Specifically, Rule 55 of Ohio's Rules of Civil Procedure, which governs the handling of default judgments, provides as follows:

> If, in order to enable the court to enter [a default] judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties.

---

4. For example, the following Ohio cases all appear to indicate that the granting of a default judgment does not necessarily foreclose the application of the collateral estoppel doctrine. *Corydon Palmer Dental Society v. Johnson, Johnson & Assocs., Inc.*, 1988 WL 21334 *2 (Ohio App., February 16, 1988) (collateral estoppel "has been applied to judgments by default"); *Rico's Red Lion Pizza Parlors, Inc. v. Amusement World, Inc.*, 1983 WL 4827 *5 (Ohio App., February 23, 1983) ("[t]he doctrine of res judicata, including collateral estoppel as to matters essential to the judgment, applies to judgments by default"); *Zaperach v. Beaver*, 6 Ohio App.3d 17, 19, 451 N.E.2d 1249, 1252 (1982) ("if there is an express adjudication of an issue by the court in the original action, whether by default or trial ... the judgment in that action be utilized as establishing a matter as between the parties"). On the other hand, the following Ohio cases all hold that a default judgment cannot

provide the basis for the application of the collateral estoppel doctrine. *Hickey v. Hancock Wood Elec. Coop.*, 1993 WL 241731 *3 (Ohio App., June 30, 1993) ("[a]s to whether collateral estoppel was available where the original judgment was obtained by default, Section 68(f) of the Restatement provides that a default judgment is conclusive as to the cause of action upon which the first action was based, [b]ut in a subsequent suit based upon a different cause of action the judgment is not conclusive as to the truth of the allegations in the plaintiff's complaint"); *North Dayton Truck Serv. v. Terrell*, 1982 WL 3691 *2 (Ohio App., March 15, 1982) ("in view of the fact that appellee had obtained a default judgment in the action against appellant's husband, no issue was actually and necessarily litigated and determined therein," and collateral estoppel could not be accorded to the judgment).

Notwithstanding these tenets, the Supreme Court of Ohio, in *State v. Caltrider,* has also indicated that the application of the collateral estoppel doctrine should be based upon equitable principles. 43 Ohio St.2d 157, 160, 331 N.E.2d 710, 713 (1975). Therefore, this Court, upon balancing the foregoing precepts, finds that under Ohio law an absolute bar against applying the collateral estoppel doctrine to a default judgment is not appropriate. However, given the Court's concern against rendering the "actually litigated" requirement of the collateral estoppel doctrine superfluous, this Court will only permit the collateral estoppel doctrine to apply to an Ohio state court default judgment if the following two conditions are satisfied:

First, the plaintiff must actually submit to the state court admissible evidence apart from his pleadings. In other words, a plaintiff's complaint, standing alone, can never provide a sufficient basis for the application of the collateral estoppel doctrine. Second, the state court, from the evidence submitted, must actually make findings of fact and conclusions of law which are sufficiently detailed to support the application of the collateral estoppel doctrine in the subsequent proceeding. In addition, given other potential problems that may arise with applying the collateral estoppel doctrine to default judgments (e.g., due process concerns), this Court will only make such an application if the circumstances of the case would make it equitable to do so. *See* Hon. Bernice B. Donald & Kenneth J. Cooper, *Collateral Estoppel in Section 523(c) Dischargeability Proceedings: When is a Default Judgment Actually Litigated,* 12 Bankr.Dev.J. 321 (1996).

In the present case, the Plaintiff argues that the above conditions are met based upon the fact that the state court awarded the Plaintiff punitive damages af-ter considering the evidence presented at the evidentiary hearing to establish the Plaintiff's damages. However, for the following reasons the Court disagrees with this assertion. First, the only findings of fact the state court made regarding the Debtor's behavior was to label it "unfortunate." However, in this Court's estimation simply characterizing an individual's behavior as "unfortunate" does not thereby automatically lead to the conclusion that a person's conduct was either willful or malicious for purposes of a nondischargeability proceeding under § 523(a)(6).[5]

Furthermore, contrary to the Plaintiff's assertion in his Motion for Summary Judgment, an award of punitive damages under Ohio law does not necessarily denote that, as a matter of law, the defendant's conduct was "willful" pursuant to the standard required under § 523(a)(6). Specifically in *Mutual Casualty Co. v. Chapman (In re Chapman),* this Court, in interpreting the United States Supreme Court's holding in *Kawaauhau v. Geiger,* 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998) on "willful" conduct under § 523(a)(6), stated, "a person will [only] be deemed to have acted willfully, for purposes of denying that person's discharge in bankruptcy under § 523(a)(6), when that person acts with the intent to cause injury, or is substantially certain that an injury will occur." 228 B.R. 899, 908 (Bankr. N.D.Ohio 1998). By way of comparison, under Ohio law, punitive damages may be awarded under a less stringent standard. For example, in *Saberton v. Greenwald,* the Ohio Supreme Court stated, "[p]unitive damages also are recoverable in many cases of actions ex delicto where the defendant's conduct shows a wanton or reckless disregard of the legal rights of others, even where the gift of the cause of action is negligence." 146 Ohio St. 414, 425, 66 N.E.2d 224, 229 (Ohio 1946). Thus, re-

---

**5.** The terms "willful" and "malicious" are separate and distinct concepts under the Bankruptcy Code, and both standards, as defined by federal law, must be established to have a debt held nondischargeable under 11 U.S.C. § 523(a)(6). *Sielschott v. Reimer (In re Reimer),* 182 B.R. 816, 818 (Bankr.E.D.Mo. 1995).

gardless of whether or not the Debtor acted maliciously, the mere fact that an Ohio state court awards punitive damages does not, standing alone, automatically denote that a person's conduct was "willful" for purposes of a nondischargeable debt under § 523(a)(6). *See Mutual Casualty Co. v. Chapman*, 228 at 908 (holding the legal standards used in each of the proceedings must be identical.) Accordingly, the Court finds that the judgment rendered by the state court in this case did not necessarily include a finding of "willful" conduct on the part of the Debtor under § 523(a)(6), and as a result the Court holds that the doctrine of collateral estoppel cannot be applied to the issue of the Debtor's liability.

■ Before concluding, a few final issues must be addressed. First, notwithstanding that this Court will not apply the doctrine of collateral estoppel to the issue of the Debtor's liability, the Court will not permit the Debtor or the Plaintiff to relitigate the amount of damages the Plaintiff sustained in the altercation between the Parties. The Court bases this holding on the fact that the record of this case demonstrates that the state court carefully considered the damages incurred by the Plaintiff, and thereafter made its award of damages accordingly.

■ Second, this Court's Opinion in no way takes into account the Debtor's plea of "No Contest" to the criminal offense of Aggravated Assault, given the fact that in *Mutual Casualty Co. v. Chapman*, this Court held that it is generally inequitable to give issue preclusion effect from a criminal proceeding to a later civil proceeding. 228 B.R. at 905–06. Finally, the Court

notes that under Ohio law, when a Defendant files a responsive pleading in an adversary proceeding, but thereafter fails to appear at trial, the judgment rendered in favor of the plaintiff is technically not a default judgment under Ohio Civ.R. 55, but is rather a judgment pursuant to Ohio Civ.R. 58. *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 122, 502 N.E.2d 599 (Ohio 1986). Thus, there is some question in this case as to whether the state court judgment rendered against the Debtor was actually a default judgment, given that the Debtor filed an answer to the Plaintiff's complaint. However, as neither Party raised this issue in state court, this Court considers any procedural defect in the state court proceeding as waived. In addition, the Court notes that even if it wished to rectify the potential irregularity in the state court proceeding, this Court, pursuant to the *Rooker–Feldman* doctrine [6], is without the authority to take any such remedial action. *See Thomas v. Bible*, 694 F.Supp. 750 (D.Nev.1988), *aff'd* 896 F.2d 555 (9th Cir. 1990) (holding a lower federal court is without jurisdiction to review a party's compliance with a state procedural rule.)

In summary, the Court holds that under Ohio law the entry of a default judgment does not automatically prohibit the application of the collateral estoppel doctrine. However, given the Court's concern of rendering the "actually litigated" requirement of the collateral estoppel doctrine superfluous, the Court does not find, under the standards set forth in the body of this Opinion, that the circumstances of this case merit the application of the collateral estoppel doctrine. Consequently, this matter will be set for trial at which time

**6.** The *Rooker–Feldman* doctrine is the descendant of two Supreme Court cases, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). The doctrine stands for the proposition that a lower federal court may not hear an appeal of a case already litigated in a state court. Instead, a party who wishes to appeal a state

court decision must go entirely through the state court judicial system, and only after these remedies are exhausted may the litigant seek review of the state court decision by appealing directly to the Supreme Court of the United States. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998); *see also Singleton v. Fifth Third Bank of Western Ohio (In re Singleton)*, 230 B.R. 533 (6th Cir. BAP 1999).

the Plaintiff can put forth evidence to establish that the conduct by the Debtor, which gave rise to the Plaintiff's claim, was both willful and malicious under 11 U.S.C. § 523(a)(6). In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment submitted by the Plaintiff, Stewart Hinze, be, and is hereby, *DENIED*.

It is **FURTHER ORDERED** that this matter be set for Trial on October 22, 1999, at 10:00 A.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.