In re Christopher & Lori
WENDT, Debtors.

Joseph A. Keichel, et al., Plaintiffs,

v.

Christopher Wendt, et al., Defendants.

Bankruptcy No. 03–24103.
Adversary No. 03–1100.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

Feb. 5, 2004.

William O. Carse, Mentor, OH, for debtors.

Joseph A. Keichel, pro se.

Shelly M. Keichel, pro se.

Bruce C. Smalheer, Chardon, OH, Michael E. Stinn, Independence, OH, William O. Carse, Mentor, OH, for defendants.

### *MEMORANDUM OF OPINION AND ORDER*

RANDOLPH BAXTER, Chief Judge.

In this adversary proceeding, Ryan Cramer, a co-defendant in the above-referenced adversary, seeks dismissal of the Plaintiffs' amended complaint against him. Cramer contends that the Plaintiffs, Joseph A. Keichel and Shelley Keichel ("Keichels") commenced a state court action in July of 2003 alleging a similar cause of action. He moved to dismiss the claim against him in the state court action[1]. The state court granted dismissal on October 8, 2003.[2]

Cramer seeks dismissal of the amended adversary complaint citing to Ohio Rule of Civil Procedure 41 for the proposition that the state court dismissal operates as *res judicata* in this proceeding. The issue herein is whether the default judgment entered by the state court operates as an adjudication on the merits in this adversary proceeding. The Court acquires core matter jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 157(a) and (b), 28 U.S.C. § 1334, and General Order Number 84 of this District. Following a duly noticed hearing, the following findings and conclusions are rendered:

1. The motion filed in the Geauga County Common Pleas Court was captioned Motion to Dismiss, or in the Alternative, Motion to Stay Proceedings, Case No. 02 M 000858.

2. The motion to dismiss reflects that the Keichels were given until a date certain to respond to the motion, but failed to do so. The order of dismissal was entered after the Keichels' failure to respond. The order, however, does not state that it is a default judgment entry. It will be construed as a default judgment entry by this court.

The above-referenced amended adversary complaint alleges, in pertinent part, the following:

Debtors, Christopher J. and Lori A. Wendt (Debtors) entered into a written contract with the Keichels for the sale and purchase of a residence located in Geauga County, Ohio. Co-defendant, Ryan Cramer (Cramer) was an agent for co-defendants Platinum Funding Corporation and Strategic Mortgage Company. He served as the mortgage broker for the sale transaction. The purchase agreement required an inspection of the residence's septic system to insure that it was compliant with county health standards.

On or about August 5, 1999, the septic system was inspected. The inspection report provided:

> System as installed appears to be functioning. All waste water lines should be tied into septic system currently, only the toilets are connected. System pumped yearly per owner.

Amended Complaint at ¶ 12. Debtors provided Cramer with a copy of the inspection report. Upon the Keichels' information and belief, Debtors were told to "white out" after the first sentence of the report and to purposefully alter and delete those portions of the report so that it only contained the following comment: "System as installed appears to be functioning." *Id.* at ¶ 14.

The amended complaint further alleges that Debtors admitted "whiting out" the report at the request of co-defendants Platinum Funding Corporation and/or Strategic Mortgage Company in certain correspondence with the Keichels' state court counsel. *Id.* at ¶ 16. The Debtors allegedly re-faxed the altered report to Platinum Funding and/or Strategic Mortgage. *Id.* at ¶ 17. Thereafter, Platinum

Funding and/or Strategic Mortgage submitted the report to the Keichels and their mortgage lender. *Id.* at ¶ 18.

Subsequently, the Keichels entered into a mortgage loan agreement and signed a promissory note for the purchase of the Debtors' residence. After experiencing problems with the septic system and a further inspection which revealed other latent defects, the Keichels filed a third party complaint, alleging fraud, against Platinum Funding, Strategic Mortgage, and Cramer. That case was styled *Chase Manhattan Mortgage Corporation v. Keichel, et al. v. Platinum Funding Corporation, et al,* Case No. 02F000858.[3]

\* \* \* \* \* \*

Herein, Cramer supports his motion to dismiss by attaching the following documents for consideration: (1) an undated and unsigned copy of the Keichels' state court third party complaint against him, (2) the state court's entry dismissing the third party complaint, (3) the docket from the case styled *Chase Manhattan Mortgage Corporation v. Keichel, et al. v. Platinum Funding Corporation,* and (4) an agreed judgment entry from the *Chase Manhattan* case.

A review of the state court third party complaint filed by the Keichels reveals that it is substantially similar to the amended adversary complaint filed in this proceeding. The debtors were not party-defendants on the third party complaint. The state court judgment entry dismissing the third party complaint provides *in toto:*

> The above-captioned matter comes on for consideration upon Third Party Defendant, Ryan Cramer's Motion to Dismiss. The Court finds said motion is well taken. Therefore, IT IS ORDERED that said motion is sustained.

3. This case was stayed as a result of the Debtors' bankruptcy filing.

(State Court Judgment Entry entered on October 8, 2003). The agreed judgment entry provides, in pertinent part:

> The Court finds on the evidence adduced that there is due the Plaintiff [Chase Manhattan] on the promissory note the sum of $121,435.00, plus interest in order to secure the payment of the promissory note aforesaid...Defendants Joseph A. Keichel, Sr. and Shelley M. Keichel executed and delivered to Chase Manhattan Mortgage Corporation their certain mortgage deed...conditions in the mortgage deed have been broken and Plaintiff is entitled to have the equity of redemption and dower of the Defendants, Joseph A. Keichel, Sr. aka Joseph A. Keichel and Shelley M. Keichel, in and to said premises shall be foreclosed....

(State Court Agreed Judgment Entry entered December 16, 2003). Based on the aforementioned exhibits, Cramer contends that *res judicata* applies. Thus, Cramer moves this Court to dismiss him from the instant adversary proceeding.

\* \* \* \* \* \*

■ Rule 41 of the Ohio Rules of Civil Procedure states, in pertinent part:

> A dismissal under division (B) of this rule and any dismissal not provided for in this rule, except as provided in division (B)(4) of this rule, operates as an adjudication upon the merits unless the Court in its order for dismissal, otherwise specifies.

Ohio R. Civ. P. 41. Rule 41(b) of the Federal Rules of Civil Procedure also provides that, unless the Court specifies otherwise, a dismissal operates as an adjudication upon the merits. Fed.R.Civ.P. 41(b). In addressing the standard for applying the doctrine of *res judicata* under Ohio law, the Ohio Supreme Court has stated that:

It is well-settled in Ohio, under the doctrine of *res judicata*, that a final judgment or decree rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction is conclusive of rights, questions and facts in issue as to the parties and their privies, and is a complete bar to any subsequent action on the same claim or cause of action between the parties or those in privity with them.

*Gilbraith v. Hixson*, 32 Ohio St.3d 127, 128, 512 N.E.2d 956 (1987). *See also In re Stoddard*, 248 B.R. 111, 118 (Bankr. N.D.Ohio 2000). Under the doctrine of *res judicata*, a final judgment on the merits is an absolute bar to a subsequent action between the same parties or their privies based upon the same claims or causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir.1995). The doctrine precludes re-litigation of claims actually litigated as well as claims that could have been litigated. *See Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir.1997).

■ *Res judicata* is established with four elements; 1) a final decision was rendered on the merits in the first action by a court of competent jurisdiction; 2) the second action involved the same parties or their privies as the first; 3) the second action raises issues actually litigated or which should have been litigated in the first action; and 4) there is an identity of the causes of action. *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir.1997).

■ Ohio law allows a court to apply *res judicata* or collateral estoppel to a default judgment, if all the criteria have been established. *See, Broadway Mgmt. v. Godale*, 55 Ohio App.2d 49, 378 N.E.2d 1072 (1977). Likewise, federal courts have given default judgments preclusive effect where the elements of *res judicata* are

present. *See, e.g., McCart v. Jordana (In re McCart)*, 232 B.R. 469, 476 (10th Cir. BAP 1999).

■ The Bankruptcy Appellate Panel for the Sixth Circuit (B.A.P.) has opined that default judgments may have preclusive effect in Ohio as to an issue that was the subject of an "express adjudication". The B.A.P. ruled generally that an "express adjudication" is one that expressly finds something. *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 193 (6th Cir. BAP 2002). This Court has also set forth the following standard to determine whether an issue in a prior judgment—whether the judgment was rendered by default or on the merits—was actually and directly litigated for purposes of *res judicata*. This Court opined, in part:

> First, the plaintiff must actually submit to the state court admissible evidence apart from his pleadings. In other words, a plaintiff's complaint, standing alone, can never provide a sufficient basis for the application of the collateral estoppel [*res judicata*] doctrine. Second, the state court, from the evidence submitted, must actually make findings of fact and conclusions of law which are sufficiently detailed to support the application of the collateral estoppel [*res judicata*] doctrine in the subsequent proceeding. In addition, given other potential problems that may arise with applying the collateral estoppel [*res judicata*] doctrine to default judgments (e.g., due process concerns), this Court will only make such an application if the circumstances of the case would make it equitable to do so.

*Longbrake v. Rebarchek (In re Rebarchek)*, 293 B.R. 400, 407 (Bankr.N.D.Ohio 2002)(*citing Hinze v. Robinson (In re Robinson)*, 242 B.R. 380, 387 (Bankr.N.D.Ohio 1999)). Herein, the state court judgment entry provides:

The above-captioned matter comes on for consideration upon Third Party Defendant, Ryan Cramer's Motion to Dismiss. The Court finds said motion is well taken. Therefore, IT IS ORDERED that said motion is sustained.

*See* State Court Judgment Entry entered on October 8, 2003. Based on this judgment entry, the state court did not make findings of fact and conclusions of law relative to the state court third party complaint filed by the Keichels. Furthermore, the Debtors were not party defendants to the state court action. Therefore, *res judicata* is not applicable. Cramer has not met his burden for dismissal of the cause of action against him in this bankruptcy adversary proceeding.

Accordingly, the motion to dismiss is hereby denied.

**IT IS SO ORDERED.**

### *JUDGMENT*

A Memorandum Of Opinion And Order having been rendered by the Court in these proceedings,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the motion to dismiss, filed by co-defendant Ryan Cramer, is hereby denied. Each party is to bear its respective costs.

IT IS SO ORDERED.