[Cite as *Woods v. Progressive Direct Ins. Co.*, 2016-Ohio-8530.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Anthony Woods, et al.                         Court of Appeals No. E-15-063

      Appellees                              Trial Court No. 2014 CV 0743

v.

Progressive Direct Insurance Company          **DECISION AND JUDGMENT**

      Appellant                              Decided:  December 30, 2016

* * * * *

Joseph A. Zannieri, for appellees.

Christopher J. Ankuda and Paul R. Morway, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from two judgments of the Erie County Court of Common Pleas that denied appellant's motion for default judgment and motion to deem request for admissions admitted against appellees.  For the following reasons, the judgments of the trial court are reversed and remanded.

**{¶ 2}** This matter arises from a motor vehicle accident that occurred on April 23, 2012. The facts relevant to the issues raised on appeal are as follows. At the time of the accident, appellee Ryan Williams was driving a vehicle that his mother, appellee Stephanie Woods, had rented from Foster Chevrolet. As a result of the accident, several appellees, including Stephanie and Anthony Woods, sought coverage through appellant Progressive Direct Insurance Company ("Progressive"), which Progressive denied. Subsequently, appellees filed a lawsuit in the trial court against Progressive. Appellees alleged that Progressive had fraudulently told them that the applicable policy contained coverage for rental automobiles and thus had breached their contract.

**{¶ 3}** On January 2, 2015, Progressive filed an answer to appellees' complaint along with a counterclaim for declaratory judgment against appellees. On February 9, 2015, Progressive issued discovery to appellees which included requests for admission. However, on March 25, 2015, appellees filed a notice of voluntary dismissal, without prejudice, pursuant to Civ.R. 41(A). On April 9, 2015, Progressive filed a motion for default judgment as to its counterclaim, as well as a motion to deem requests for admission admitted, based on appellees' failure to file a responsive pleading to the counterclaim or a response to Progressive's request for admissions.

**{¶ 4}** On May 26, 2015, appellees filed a joint response to Progressive's motions. While appellees conceded that they had not filed a responsive pleading to the counterclaim or a response to the request for admissions, they argued that their voluntary dismissal had divested the trial court of its jurisdiction to rule on Progressive's motions.

2.

Appellees also argued that a responsive pleading was not required to Progressive's counterclaim. On June 4, 2015, Progressive filed a reply in support of its motions. On September 17, 2015, the trial court denied Progressive's motions, stating that appellees' notice of voluntary dismissal had ended the trial court's jurisdiction over the case.

{¶ 5} Appellant Progressive appeals, setting forth the following assignments of error:

I. The Trial Court erred in holding that it lost jurisdiction over this case after a voluntary dismissal pursuant to Civ.R. 41(A) where there remained an independent counterclaim asserted by the Appellant.

II. The Trial Court erred in failing to grant Appellant's Motion to Deem Requests for Admissions Admitted and Motion for Default Judgment.

{¶ 6} In support of its first assignment of error, Progressive asserts that its counterclaim was not extinguished by appellees' voluntary dismissal without prejudice.

{¶ 7} Under Ohio law, a proper and validly asserted counterclaim is not extinguished by a plaintiff's voluntary dismissal of its claims when the court has jurisdiction to proceed on the counterclaim. *CitiMortgage, Inc. v. Slack*, 8th Dist. Cuyahoga No. 94899, 2011-Ohio-613, ¶ 12, citing *Midland Funding, LLC v. Stowe*, 7th Dist. Columbiana App. No. 08 CO 32, 2009-Ohio-7084, ¶ 23. "As long as the court has jurisdiction of the parties and of the controversy, the counterclaim may remain pending for independent adjudication by the court following a plaintiff's voluntary dismissal of

3.

the complaint. In those circumstances, the court retains jurisdiction over the properly asserted counterclaim which the defendant may then pursue in that court." *Columbus Metro. Hous. Auth. v. Flowers*, 10th Dist. Franklin App. Nos. 05AP-87 and 05AP-372, 2005-Ohio-6615, ¶ 15.

{¶ 8} The record does not reflect any basis for concluding the trial court could not adjudicate appellant's counterclaim independently from the complaint. Upon our review, we find that the trial court had jurisdiction of the parties and of the controversy and erred by dismissing Progressive's motions on the basis of what the court perceived as a lack of jurisdiction. Further, any argument that the counterclaim could not proceed would be contrary to Civ.R. 41(A)(1), under which appellees' motion to dismiss was filed, which states in relevant part:

(1) * * * Subject to the provisions of Civ.R. 23(E), Civ.R. 23.1, and Civ.R. 66, a plaintiff, without order of court, may dismiss all claims asserted by that plaintiff against a defendant by doing either of the following:

(a) filing a notice of dismissal at any time before the commencement of trial *unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant*;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action. (Emphasis added.)

4.

{¶ 9} Paragraph (b), above, does not apply to this matter, as the record contains no evidence of a stipulation of dismissal signed by all parties to this action. Pursuant to Civ.R. 41(A)(1)(a), if Progressive's counterclaim was truly dependent and unable to be adjudicated without the complaint's pendency, appellees would have been unable to voluntarily dismiss.

{¶ 10} Because the trial court's denial of Progressive's two motions as set forth above was premised on the court's erroneous finding that it did not have jurisdiction over the case after appellees' voluntary dismissal, we find that the judgment entries denying the motions must be reversed and remanded for further proceedings. Accordingly, Progressive's first assignment of error is well-taken.

{¶ 11} In its second assignment of error, Progressive asserts that the trial court erred in failing to grant its motion to deem requests for admissions admitted and failing to grant the company's motion for default judgment. Having found that the trial court does in fact have jurisdiction over this matter despite appellees' motion to dismiss, the issues raised in Progressive's second assignment of error remain to be decided by the trial court upon remand. Accordingly, appellant Progressive's second assignment of error is moot and not ripe for review at this stage of the proceedings.

{¶ 12} On consideration whereof, the judgments of the Erie County Court of Common Pleas are reversed and remanded for further proceedings consistent with this decision. Pursuant to App.R. 24, costs of this appeal are assessed to appellees.

Judgments reversed.

5.

       A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                      _____

                                         JUDGE

Thomas J. Osowik, J.

                                  _____

Stephen A. Yarbrough, J.                             JUDGE
CONCUR.

                                  _____

                                         JUDGE

6.