[Cite as *Woods v. Progressive Direct Ins. Co.*, 2018-Ohio-1867.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Anthony Woods, et al.

      Appellants

v.

Progressive Direct Insurance Company

      Appellee

Court of Appeals Nos. E-17-021
E-17-022

Trial Court Nos. 2014 CV 0743
2015 CV 0606

**DECISION AND JUDGMENT**

Decided: May 11, 2018

* * * * *

Joseph A. Zannieri, for appellants.

Christopher J. Ankuda and Paul R. Morway, for appellee.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** This consolidated appeal is from two judgments of the Erie County Court of Common Pleas: in case No. E-17-021 (No. 2014 CV 0743), the trial court's denial of appellants' motion for relief from judgment as to the default judgment granted on appellee Progressive Direct Insurance Company's declaratory judgment claims and

request to have admissions deemed admitted; and in case No. E-17-022 (2015 CV 0606), the trial court's August 14, 2017 judgment granting appellee's motion for summary judgment. For the reasons that follow, we affirm.

{¶ 2} This case involves successive lawsuits with identical parties and relating to the question of automobile insurance coverage following the alleged insured, Ryan Williams' April 23, 2012 accident in a rental vehicle. For ease of discussion, we will separately, to the extent practicable, set forth the procedural history of the cases.

**Case No. E-17-021**

{¶ 3} This case commenced on November 3, 2014, with appellants Anthony Woods, Stephanie Woods, and Ryan Williams filing a complaint against Progressive alleging breach of contract and bad faith in the denial of coverage. On January 2, 2015, Progressive filed an answer and counterclaim for declaratory judgment. In its counterclaim, Progressive asked the court to confirm that it had no duty to either defend or indemnify appellants and that it acted reasonably in handling and evaluating the issue of coverage.

{¶ 4} On February 6, 2015, Progressive served its discovery requests, including requests for admissions, to appellants. On March 25, 2015, appellants filed a notice of voluntary dismissal, without prejudice, of all the claims against Progressive. Appellants did not file an answer to Progressive's counterclaim.

{¶ 5} On April 9, 2015, Progressive filed a motion for default judgment pursuant to Civ.R. 55. Progressive argued that appellants failed to answer or otherwise respond to

2.

their declaratory judgment counterclaim. On the same day, Progressive filed a motion to deem the requests for admissions served upon appellants as admitted due to their failure to respond within 28 days under Civ.R. 36.

{¶ 6} In response to the motion for default judgment, appellants argued that because they dismissed their claims, the court lacked jurisdiction over the matter. Appellants further argued that they did not default on the counterclaim because they had raised the same issues in their initial complaint (a request for a declaration of their rights under the contract). Appellants made similar arguments as to the requests for admissions.

{¶ 7} On September 17, 2015, the trial court denied Progressive's motions finding that appellants' dismissal of the action ended the court's jurisdiction over the matter. Progressive appealed the ruling and on appeal this court reversed finding that a properly asserted counterclaim was not extinguished by a plaintiff's voluntary dismissal of its claims. *See Woods v. Progressive Direct Ins. Co.*, 2016-Ohio-8530, 79 N.E.3d 1248 (6th Dist.) ("*Woods I*").

{¶ 8} On remand, the trial court granted Progressive's motions on March 15, 2017. Appellants filed a motion for relief from judgment which was denied. Appellants appealed the judgments. On May 24, 2017, we remanded the matter for the trial court to enter a final and appealable order of its judgment granting default judgment to Progressive. Specifically, we instructed the court, as requested by Progressive, to declare the rights and obligations of the parties under the insurance policy. The court then filed its amended judgment entry on August 2, 2017.

3.

{¶ 9} Appellants refiled their voluntarily dismissed claims on September 25, 2015. On January 19, 2017, Progressive filed its motion for summary judgment based upon res judicata specifically, collateral estoppel. Appellants opposed the motion. On March 15, 2017, the court granted the motion, without written analysis. Appellants then commenced the instant appeal. As in case No. E-17-021, we remanded the matter for the court to declare the rights and obligations of the parties due to the nature of the prior declaratory judgment action. The court filed its amended judgment entry on August 14, 2017.

{¶ 10} Appellants now raise five assignments of error for our review:

Assignment of Error Number 1: The trial court should have granted relief from judgment in Case CV 0743.

Assignment of Error Number 2: The trial court abused its discretion when it refused to grant relief from the judgment deeming the requests for admissions admitted, even though the admissions were filed late.

Assignment of Error Number [3]: In its latest entry filed on August 2, 2017, the trial court granted a default judgment to Progressive. That default judgment should have never been granted because there was

---

[1] On September 5, 2017 this court, sua sponte, consolidated the appeals in case Nos. E-17-021 and E-17-022.

4.

no default. In case No. CV 0606, an answer to Progressive's counterclaim was timely filed.

Assignment of Error Number [4]: The trial court's judgment entry, found by the Court of Appeals to be not a final appealable order, does not provide an explanation or a rationale for the prior grant of summary judgment, making it difficult to determine the exact reason for the grant of summary judgment. The complaint in this appeal (E-17-022, arising from 2015 CV 0606) stated a valid claim for fraud that withstood summary judgment and any attempt at collateral estoppel.

Assignment of Error Number [5]: The court erred in attributing the admissions deemed admitted in the companion case (Appeal No. E-17-021, arising from case no. 2014 CV 0743) to the plaintiffs in this case. Ryan Williams was an insured person, so he was entitled to coverage.

**Denial of Relief from Judgment in case No. 2014 CV 0743**

{¶ 11} Appellants' first two assignments of error relate to the trial court's March 15, 2017 judgment denying their motion for relief from the grant of default judgment and the judgment deeming the requests for admissions admitted. Civ.R. 55(B) provides that a default judgment granted under Civ.R. 55(A) may be set aside in accordance with Civ.R. 60(B).

5.

**{¶ 12}** Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.

**{¶ 13}** To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must demonstrate that:

the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or

taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 14} Where a movant fails to demonstrate any of these three requirements for Civ.R. 60(B) relief, the motion is to be overruled. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994); *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, 520 N.E.2d 564 (1988). We review a trial court's judgment granting or denying relief from judgment under Civ.R. 60(B) on an abuse of discretion standard. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 15} Appellants first argue that default judgment was not warranted because they simply failed to respond to a counterclaim which raised no issues novel from the ones already contained in appellants' complaint. Thus, appellants contend that the valid cause of action stated in the complaint acted as a "valid defense" to the counterclaim.

{¶ 16} Appellant relies on a case from this court where we affirmed the trial court's dismissal of a counterclaim for declaratory judgment. *Roberts Express v. Bauman*, 6th Dist. Lucas No. L-89-197, 1990 Ohio App. LEXIS 1513 (Apr. 20, 1990). In *Roberts*, an ex-employer sued an ex-employee for violation of a non-compete agreement. The ex-employee filed a counterclaim for declaratory judgment requesting that the court find that the agreement lacked consideration. *Id.* at *4. The counterclaim was dismissed because the court found that it was an affirmative defense. *Id.*

7.

{¶ 17} Reviewing *Roberts*, we find that it is distinguishable from the present facts. *Roberts* involved a declaratory judgment claim for lack of consideration which is an affirmative defense specifically listed in Civ.R. 8(C). Civ.R. 8(C) further provides: "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation."

{¶ 18} As stated in *Roberts*, "under the Declaratory Judgment Act, any person interested under a contract may have determined any question of construction arising under the contract and obtain a declaration of rights under R.C. 2721.03[.]" *Id.* at *6. This court specifically found in *Woods I* that Progressive's claim was not extinguished by the dismissal of appellants' complaint

{¶ 19} The Ohio Civil Rules clearly state that a counterclaim is a pleading and that a reply thereto is mandatory. Civ.R. 8(A) defines a "pleading" not only as an original claim for relief, but expressly as a "counterclaim." Civ.R. 7(A) further provides that, "[there shall be * * * a reply to a counterclaim denominated as such * * *."

{¶ 20} Civ.R. 8(D) provides in part that, "averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading * * *." Further, under Civ.R. 55(C), a plaintiff who fails to serve a reply to a counterclaim is in default for failure to plead and is subject to default judgment.

8.

{¶ 21} Based on the foregoing, we find that because appellants failed to respond to the declaratory judgment counterclaim, the trial court did not err when it granted default judgment. We further find that the court did not err when it denied appellants' motion for relief from judgment. Appellants' first assignment of error is not well-taken.

{¶ 22} In their second assignment of error, appellants contend that the trial court erred when it refused to allow the withdrawal of their deemed admissions. Civ.R. 36 provides, in part:

Availability; Procedures for use. (1) Each matter of which an admission is requested shall be separately set forth. The party to whom the requests for admissions have been directed shall quote each request for admission immediately preceding the corresponding answer or objection. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

* * *

(B) Effect of admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16

9.

governing modification of a pretrial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice the party in maintaining his action or defense on the merits.  Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against the party in any other proceeding.

{¶ 23} In addition to a showing of prejudice, many courts including this one require a showing of a compelling circumstance which led to the failure to respond. *B & T Distribs. v. CSK Constr., Inc.*, 6th Dist. Lucas No. L-07-1362, 2008-Ohio-1855, ¶ 18.

{¶ 24} Reviewing the arguments of the parties, we find that appellants failed to provide a compelling circumstance to explain their failure to respond to the request. Thus, we cannot find that the trial court abused its discretion when it denied appellants' motion to allow for the withdrawal of their deemed admissions.  Appellants' second assignment of error is not well-taken.

### Summary Judgment in Case No. 2015 CV 0606

{¶ 25} In appellants' third assignment of error, they argue that the trial court erred in granting default judgment on August 2, 2017, because an answer to Progressive's counterclaim was timely filed.

**{¶ 26}** First, the default judgment was granted in the prior action (case No. 2014 CV 0743) following the December 30, 2016 reversal and remand from this court. On that date, appellants' refiled action had been pending since September 25, 2015, and Progressive had again filed a declaratory judgment counterclaim. Appellants filed a timely response to that counterclaim.

**{¶ 27}** Upon review, we reject appellants' argument. Progressive never filed a motion for default judgment in the 2015 case. On January 19, 2017, it filed a motion for summary judgment under the theory of collateral estoppel arguing that because Progressive was granted a default judgment in the prior, identical action between the parties, the current action was barred. The court granted the motion on March 15, 2017, and appellants commenced this appeal. On appeal, this court as in the default judgment appeal, sua sponte, remanded the matter for the trial court to provide an explanation of the parties' rights and obligations pursuant to the trial court's judgment granting Progressive's motion for summary judgment. The amended judgment entry was filed in the 2014 case on August 2, 2017; the same entry was filed in the 2015 case on August 14, 2017. Although the trial court failed to rename the judgment entry as pertaining to Progressive's motion for summary judgment, it did provide a factual basis for the court's award as was required by this court. Accordingly, appellants' third assignment of error is not well-taken.

**{¶ 28}** In their fourth assignment of error, appellants contend that the trial court's March 15, 2017 order, which was found by this court not to be final and appealable, did

11.

not provide an adequate explanation for the court's award of summary judgment. Appellants further argue that their fraud claim had not been litigated in the prior action and, thus, could not be disposed of by collateral estoppel.

{¶ 29} We agree that the court's March 15, 2017 judgment entry granting summary judgment contains no legal analysis or reasoning. As discussed above, in accordance with our May 24, 2017 order, the court did file its declaration of Progressive's rights and obligations under the disputed insurance policy. In addition, this court reviews motions for summary judgment de novo; that is, an appellate court applies the same standard in determining whether summary judgment should be granted as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56, to prevail on a motion for summary judgment the moving party must demonstrate:

> (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978).

{¶ 30} Thus, we review the merits of Progressive's summary judgment motion in order to determine whether the trial court erred. The doctrine of res judicata states that a

12.

final judgment on the merits issued by a court of competent jurisdiction is conclusive as to the rights of the parties and constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action. *Holzemer v. Urbanski*, 86 Ohio St.3d 129, 712 N.E.2d 713 (1999).

Res judicata applies where four elements are present:

(1) there was a prior valid judgment on the merits; (2) the second action involved the same parties as the first action; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out the same transaction or occurrence. *Reasoner v. Columbus*, 10th Dist. Franklin No. 04AP-800, 2005-Ohio-468, ¶ 5.

{¶ 31} Res judicata encompasses both claim preclusion and issue preclusion. In this case, Progressive argued that collateral estoppel, also known as issue preclusion, applied to bar appellants' second action. Collateral estoppel prevents the relitigation of an issue that has been actually and necessarily challenged and determined in a prior action which was based on a different case. *Patrick T. v. Michelle L.*, 6th Dist. Wood No. WD-02-015, 2002-Ohio-3574, ¶ 13. Even where the cause of action is different in a subsequent suit, a judgment in a previous matter may still affect the outcome of the second suit. *Fort Frye Teachers Assoc. v. State Emp. Relations Bd.*, 81 Ohio St.3d 392, 395, 692 N.E.2d 140 (1998).

{¶ 32} Appellants argue that collateral estoppel has no preclusive effect in this case because the matter was not actually litigated, a default judgment was granted. On

13.

review, it appears that Ohio lacks definitive case law on whether collateral estoppel acts to bar a subsequent action when the prior action was dismissed by a default judgment. *See Merkle v. Estate of Hodary*, 1st Dist. Hamilton Nos. C-990223, C-99230, C-990244, C-990249, 2000 Ohio App. LEXIS 428 (Feb. 11, 2000). We would agree that a default judgment generally does not determine legal issues for purposes of res judicata. An exception can be made, however, where a default judgment contains express findings and legal conclusions. *In re Sweeny*, 276 B.R. 186 (Bankr.Ohio 2002), relying on *In re Robinson*, 242 B.R. 380 (Bankr.N.D.Ohio 1999). The *Sweeney* court reasoned, after reviewing Ohio statutory law, that in order to give preclusive effect to a default judgment based upon collateral estoppel, there must be

> some reliable way of knowing that the decision was made on the merits. The best evidence would be findings of fact and conclusions of law by the court entering the default judgment. These need not be entered in any special or formal way, but the default court must state what findings and conclusions, if any, it has reached in arriving at the judgment. Those findings and conclusions will have preclusive effect. *Id*. at 194.

{¶ 33} In the present action, the court granted a default judgment as to Progressive's declaratory judgment action. Its August 2017 judgment entry, which was filed in both actions, specifically delineated the rights and obligations of the parties; these rights and obligations were precisely at issue in the second case. Specifically, the court determined that based upon the clear and unambiguous language in the automobile

14.

insurance policy Progressive had no duty to indemnify or defend appellants, acted with reasonable justification in denying coverage to Anthony Woods, that appellants were not entitled to any recompense, punitive or otherwise, and that any and all claims in the underlying litigation were dismissed with prejudice.

{¶ 34} Upon review, we find that the court's declaratory judgment findings provide the basis for the court's subsequent determination that the claims in the second action were barred. Thus, because the court had already determined the relevant issues, the application of collateral estoppel was not in error. Appellants' fourth assignment of error is not well-taken.

{¶ 35} In appellants' fifth and final assignment of error, they contend that the trial court erred in attributing admissions admitted in the prior, 2014 action to the refiled, 2015 action. We find that this argument lacks merit. The court granted summary judgment in the 2015 case based upon a collateral estoppel argument. The issue of insurance coverage had already been decided and did not need to be re-litigated. Appellants' fifth assignment of error is not well-taken.

{¶ 36} On consideration whereof, we find that substantial justice was done the parties complaining and the judgments of the Erie County Court of Common Pleas are affirmed. Pursuant to App.R. 24, appellants are ordered to pay the costs of this appeal.

Judgments affirmed.

15.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.                       _____
                                                    JUDGE

Arlene Singer, J.                 

                                             _____
Christine E. Mayle, P.J.                            JUDGE
CONCUR.

                                             _____
                                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.